# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

LUCY ROBERTS, on behalf of herself
And others similarly situated,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.; WELLS
FARGO INSURANCE, INC.;
AMERICAN SECURITIES INSURANCE
COMPANY; and ASSURANCE, INC.,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV412-200

## O R D E R

Defendants request a stay of discovery while the Court considers

their motions to dismiss plaintiff's "force-placed insurance scheme"

complaint. (Doc. 45; *see also* doc. 44 (same request in the parties' Fed.

R. Civ. P. 26(f) report).) They contend that a stay of discovery would

spare the parties an unnecessary expenditure of time, money, and

resources, since their motions to dismiss will dispose of some, if not all,

of plaintiff's claims. (*Id.* at 3.) Plaintiff opposes the motion, explaining

that she is primarily interested in simply obtaining discovery that the

defendants have already produced in related cases filed across the

country. (Doc. 50 at 1.) She also insists that the motions to dismiss are without merit, for various reasons. For instance, she argues her state law claims should survive based upon multiple cases in this Circuit which support her. (*Id.* at 6.) Defendants, however, rightly note that plaintiff cites to in-circuit cases discussing law from jurisdictions other than Georgia (primarily Florida). (Doc. 55 at 2.) Moreover, the fact that defendants have accumulated discovery in similar cases does not mean that plaintiff is in fact entitled to such discovery in *this* case. Production of the requested discovery would appear to involve the collection, examination, and redaction of a massive amount of data in a case that might not survive the present motions. If plaintiff remains convinced that she is entitled to that discovery, she must wait until after the district judge has ruled on the dismissal motions to make her case.

Courts in this circuit have granted motions to stay discovery where the "resolution on the pending motion to dismiss may extinguish some or all of the claims . . . potentially restricting the scope of discovery significantly." *White v. Georgia*, 2007 WL 3170105 at *2 (N.D. Ga. Oct. 25, 2007); *see also Feldman v. Flood*, 176 F.R.D. 651, 652-

53 (M.D. Fla. 1997). After reviewing the dismissal motions here, the Court is satisfied that they have heft and may extinguish at least some of plaintiff's claims. Hence, applying the principles found in *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997), defendants' request to stay discovery is **GRANTED**. Should plaintiff's case survive the motions to dismiss, the parties shall submit a proposed scheduling order within 14 days of the entry of the district judge's order. At that time, the Court will consider defendants' request for an extended discovery period, along with their request that discovery be conducted in phases. (Doc. 44.)

 **SO ORDERED** this 22nd day of January, 2013.

      UNITED STATES MAGISTRATE JUDGE
      SOUTHERN DISTRICT OF GEORGIA